**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GEORGE WILLIS, as Trustee for the George and Kathleen Willis Trust, Derivatively on Behalf of Newmont Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS R. PALMER, KARYN F. OVELMEN, NATASCHA VILJOEN, GREGORY H. BOYCE, BRUCE R. BROOK, JANE NELSON, JULIO M. QUINTANA, RENÉ MÉDORI, MAURA J. CLARK, SUSAN N. STORY, JOSÉ MANUEL MADERO, EMMA FITZGERALD, PHILIP AIKEN, and SALLY-ANNE LAYMAN,<br><br>Defendants,<br><br>and<br><br>NEWMONT CORPORATION, a Delaware Corporation,<br><br>Nominal Defendant. | C.A. No. 1:25-cv-00581-GBW |

**<u>STIPULATION AND ORDER STAYING CASE</u>**

WHEREAS, plaintiff George Willis, as Trustee for the George and Kathleen Willis Trust ("Plaintiff"), filed a putative derivative complaint, D.I. 1, (the "Complaint") on May 9, 2025 in which he alleged, among other things, breaches of fiduciary duties, unjust enrichment, waste of corporate assets and violations of Sections 10(b) and 21D of the Securities Exchange Act of 1934 on behalf of nominal defendant Newmont Corporation ("Newmont") against individual defendants Thomas R. Palmer, Karyn F. Ovelmen, Natascha Viljoen, Gregory H. Boyce, Bruce R. Brook, Jane Nelson, Julio M. Quintana, René Médori, Maura J. Clark, Susan N. Story, José

Manuel Madero, Emma FitzGerald, Philip Aiken and Sally-Anne Layman (collectively, "Individual Defendants," and with Newmont, "Defendants");

WHEREAS, the facts and circumstances alleged in the above-captioned action overlap, in substantial part, with those alleged in the complaint filed in *Karas* v. *Newmont Corp. et al.*, No. 1:25-cv-00341-DDD-KAS (D. Colo.), a putative federal securities class action pending in the United States District Court for the District of Colorado (the "Federal Securities Action");

WHEREAS, four related putative derivate actions filed in the United States District Court for the District of Colorado, *Gunderson* v. *Palmer et al.*, No. 1:25-cv-00585-DDD-KAS (D. Colo.), *Levin* v. *Palmer et al.*, No. 1:25-cv-00660-DDD-KAS (D. Colo.), *Chin* v. *Palmer et al.*, No. 1:25-cv-00910-DDD-KAS (D. Colo.) and *Harris* v. *Palmer et al.*, No. 1:25-cv-01071-DDD-KAS (D. Colo.) have been consolidated with and into the *Gunderson* action (the consolidated action, hereafter, the "Consolidated Derivative Action"), and the Consolidated Derivative Action has been stayed until there is a final resolution of all motions to dismiss the operative complaint(s) in the Federal Securities Action (including any amended complaints); and

WHEREAS, in the interests of judicial economy and efficiency, the parties have discussed staying the above-captioned action pending the final resolution of all motions to dismiss the operative complaint(s) in the Federal Securities Action (including any amended complaints);

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel and subject to the Court's approval:

1. To the extent any Defendants have not yet been served, counsel for Defendants has accepted service of the Complaint on behalf of Defendants, without prejudice and

without waiver of any of the Defendants' rights, defenses, objections or arguments, except as to the sufficiency or effectiveness of service.

2. The above-captioned action, including any obligation to answer, move or otherwise respond to any complaint or any amended complaint and all discovery and disclosure obligations under the applicable local and federal rules, is hereby stayed until there is a final resolution of all motions to dismiss the operative complaint(s) in the Federal Securities Action (including any amended complaints). Defendants shall not be required to answer, move or otherwise respond to any complaint in the above-captioned action until such time as is provided in a future scheduling order entered after the stay is lifted.

3. Upon application for good cause shown, a party may seek an earlier termination of the stay, subject to any other party's right to contest such early termination, by (i) making a request to the Court, and (ii) transmitting notice to all counsel of record via e-mail at the e-mail addresses listed below.

4. Defendants shall promptly notify Plaintiff of any later-filed and related derivative action of which they become aware that alleges the same or similar misconduct to that alleged in the Complaint.

5. Should a later-filed derivative action such as is described in paragraph 4 be filed, Defendants shall (i) agree to, or move for, a stay of such action, and (ii) never move to stay the above-captioned action in deference to any such later-filed action.

6. Should a later-filed derivative action such as is described in paragraph 4 not be stayed, Plaintiff may seek an earlier termination of the stay by following the requirements in paragraph 3.

7. During the pendency of the stay, Plaintiff may amend the Complaint, but Defendants need not answer, move or otherwise respond thereto during the pendency of the stay and until such time as is provided in a future scheduling order entered after the stay is lifted.

8. If any Defendant produces during the pendency of the stay any documents to the plaintiff in the Federal Securities Action or to any purported shareholder in response to a books and records demand that asserts the same or similar misconduct as that alleged in the Complaint, Defendants will promptly produce to Plaintiff a copy of the same documents, subject to the parties entering into an appropriate confidentiality agreement and/or protective order that governs use of such documents in the above-captioned action, including that such documents shall be deemed incorporated by reference into any amended complaint.

9. The Defendants shall include Plaintiff in any mediation with the plaintiffs in the Federal Securities Action and shall include Plaintiff in any mediation with any plaintiff in any other derivative lawsuit such as is described in paragraph 4 or with plaintiffs in the Consolidated Derivative Action.

10. Within thirty (30) days after termination of the stay, the parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the above-captioned action.

11. All hearings or conferences shall be adjourned during the stay.

12. The stay and order are without prejudice to the rights, defenses, objections or arguments of any party and shall not be construed as a waiver of any and all rights,

defenses, objections or arguments that any party might otherwise have, and the parties reserve all rights.

Dated: May 27, 2025

COOCH AND TAYLOR, P.A.

*/s/ Blake A. Bennett*

Blake A. Bennett (#5133)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
(302) 984-3800
bbennett@coochtaylor.com

Of Counsel:

MORRIS KANDINOV LLP

Leonid Kandinov
Andrew Robertson
550 West B Street, 4th Floor
San Diego, CA 92101
(877) 216-1552
leo@moka.law
andrew@moka.law

*Attorneys for Plaintiff*

Respectfully submitted,

RICHARDS, LAYTON & FINGER, P.A.

*/s/ Steven J. Fineman*

Steven J. Fineman (#4025)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com

Of Counsel:

WACHTELL, LIPTON, ROSEN & KATZ

Jonathan M. Moses
Carrie M. Reilly
Lorenzo A. H. Villegas
51 West 52nd Street
New York, NY 10019
(212) 403-1000
JMMoses@WLRK.com
CMReilly@WLRK.com
LVillegas@WLRK.com

*Attorneys for Defendants*

IT IS SO ORDERED this ___ day of __________________, 2025.

______________________________
Judge Gregory B. Williams