**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

GEORGE WILLIS, as Trustee for the George and Kathleen Willis Trust, Derivatively on Behalf of Newmont Corporation,

*Plaintiff,*

v.

THOMAS R. PALMER, KARYN F. OVELMEN, NATASCHA VILJOEN, GREGORY H. BOYCE, BRUCE R. BROOK, JANE NELSON, JULIO M. QUINTANA, RENÉ MÉDORI, MAURA J. CLARK, SUSAN N. STORY, JOSÉ MANUEL MADERO, EMMA FITZGERALD, PHILIP AIKEN, and SALLY-ANNE LAYMAN,

*Defendants,*

and

NEWMONT CORPORATION, a Delaware Corporation,

*Nominal Defendant.*

C.A. No. 1:25-cv-00581-GBW

**STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following stipulated Protective Order has been entered by the Court.

**Proceedings and Information Governed.**

1. This order and any amendments or modifications hereto ("Protective Order") shall govern disclosure and use by the parties of any document, testimony, exhibits, interrogatory answers, responses to requests to admit, electronically stored information ("ESI"), or other thing

furnished by any party, to any other party, and includes non-parties who receive a subpoena in connection with this action ("Discovery Material"). The information protected includes, but is not limited to, documents produced, answers to interrogatories, answers to requests for admission, responses to requests for production of documents, deposition transcripts and videotapes, deposition exhibits, and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" (collectively, "Protected Information") in accordance with the terms of this Protective Order, as well as to any copies, notes, compilations, studies, excerpts, extracts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, based on, derived from, or disclosing such information.

**Purposes and Limitations.**

2. All Discovery Material shall be used solely for purposes of the prosecution or defense of this action (and any appeal therefrom) and may not be used for any other purpose whatsoever, including, but not limited to, any business or commercial purpose, for dissemination to the media or the public, communications with any competitor(s) of Newmont, communications with any Newmont stockholder (or any counsel representing any Newmont stockholder), the trading of Newmont securities, or in connection with any other proceeding, whether judicial, governmental, administrative or arbitral, contemplated, pending or final. Parties, the attorneys for the parties, and all other persons receiving information governed by this Protective Order shall maintain Protected Information in a secure manner so as to avoid disclosure of its content and take reasonable steps to ensure that Protected Information is: (i) used only for the purposes specified herein; and (ii) disclosed only to authorized persons, as described in Paragraphs 8-15 hereto. Each person who has access to Protected Information shall

take all reasonable precautions to prevent the unauthorized or inadvertent disclosure or misuse of such material, including by employing reasonable measures, consistent with this Protective Order, to control access to, duplication of, and distribution of such material.

**Designation and Maintenance of Information.**

3. For purposes of this Protective Order:

(a) The "Confidential Information" designation shall mean that the document, information, or other material contains nonpublic trade secrets, personal, financial, proprietary, customer or client information, product research or development, or commercial information that is entitled to confidential treatment under the Federal Rules of Civil Procedure, applicable laws or regulations (including information that is subject to U.S. or foreign privacy, data protection or secrecy laws or regulations), Federal Rule of Civil Procedure 26(c)(1)(G), or other information that is nonpublic and proprietary or sensitive from a commercial or financial perspective or required by applicable law or agreement to be kept confidential.

(b) The "Confidential Attorney Eyes Only Information" designation shall mean that the document, information, or other material is comprised of Confidential Information deemed so highly sensitive that its disclosure to a competitor could result in significant competitive or commercial disadvantage.

(c) Protected Information does not include (i) information that is already in the knowledge or possession of the party to whom disclosure is made, unless (x) that party is already bound by agreement not to disclose such information or (y) such information was made available on a nonconfidential basis to that party

from another person or entity and such information is subject to a confidentiality agreement between such other person or entity and the producing party or a contractual, legal or fiduciary obligation of confidentiality owed by such other person or entity to the producing party, or (ii) information that has been disclosed to the public in a manner making such information no longer confidential, other than as a result of disclosure by the party to whom disclosure is made in this action or as a result of an unauthorized or illegal disclosure.

4. Protected Information may be designated in the following manner:

(a) Documents and things produced during the course of this litigation within the scope of Paragraph 3(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL**

Discovery Material designated as Confidential Information must be so designated by including this notice in the body of the electronic document or by affixing a stamp with this notice on the medium. Excel spreadsheets, if produced in native format, and any other native files that may be produced, shall be produced with a corresponding, placeholder TIFF bearing a document control number and the confidentiality designation, if any.

Protected Information within the scope of Paragraph 3(a) above not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

(b) Documents and things produced during the course of this litigation within the scope of Paragraph 3(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY**

Discovery Material designated as Confidential Attorney Eyes Only Information must be so designated by including this notice in the body of the electronic document or by affixing a stamp with this notice on the medium. Excel spreadsheets, if produced in native format, and any other native files that may be produced, shall be produced with a corresponding, placeholder TIFF bearing a document control number and the confidentiality designation, if any.

Protected Information within the scope of Paragraph 3(b) above not reduced to documentary form shall be designated by the producing party in a reasonably equivalent way.

(c) A party may designate information disclosed at a deposition as Protected Information by requesting the reporter to so designate the transcript or any portion thereof at the time of the deposition. If no such designation is made at the time of the deposition, any party shall have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated as Protected Information. If no such designation is made at the deposition or within such fourteen (14) calendar-day period (during which period, the transcript shall be treated as Confidential Attorney Eyes Only Information, unless the producing party consents to less confidential treatment of the information), the entire

deposition will be considered devoid of Protected Information. Each party and the court reporter shall attach a copy of any final and timely written designation notice to the transcript and each copy thereof in its possession, custody or control, and the portions designated in such notice shall thereafter be treated in accordance with this Protective Order.

(d) It is the responsibility of counsel for each party to maintain materials containing Protected Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

(e) Extracts, copies, summaries, compilations, studies, excerpts, abstracts, analyses, and descriptions of Protected Information and notes, electronic images, databases, or other forms of recorded information containing, reflecting, based on, derived from, or disclosing Protected Information ("Derivative Information") shall be treated as Confidential Information or Confidential Attorney Eyes Only Information in accordance with the provisions of this Order to the same extent as the Protected Information or information from which such Derivative Information is made or derived.

5. The designation of any Discovery Material as Confidential Information or Confidential Attorney Eyes Only Information is not an admission by the producing party that the Discovery Material is relevant, not subject to an applicable privilege, protection, or immunity, or admissible. This Protective Order does not affect or limit in any way the admissibility or use of any document, testimony, or other evidence at trial or a hearing of this action other than as set forth herein, or prejudice or limit in any way the rights of any party to object to the authenticity,

Case 1:25-cv-00581-GBW Document 22 Filed 05/15/26 Page 7 of 20 PageID #: 92

admissibility into evidence, or use of any document, testimony or other evidence at trial or a hearing.

**Inadvertent Failure to Designate.**

6. The inadvertent failure to designate or withhold any information as Protected Information will not be deemed to waive a later claim as to its confidential nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information shall be treated by the receiving party as Protected Information from the time the receiving party is notified in writing of the change in the designation. To the extent the information has been disclosed by the receiving party to anyone not authorized to receive Protected Information, the receiving party must make reasonable efforts to retrieve the information promptly and to avoid any further disclosure to anyone not authorized to receive Protected Information.

**Challenge to Designations.**

7. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party shall then have fourteen (14) calendar days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this fourteen (14) calendar-day time frame, the receiving party may at any time thereafter seek a Court order to alter the confidential status of the designated information. Until any dispute under this Paragraph 7 is ruled upon by the Court, the designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

8. Disclosure of privileged information or information otherwise protected from disclosure by any applicable privilege, protection, or immunity shall be governed by this Protective Order. The parties are concurrently filing a Stipulation and Order implementing Federal Rule of Evidence 502(d).

9. Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are (i) informed of the confidential nature of the Confidential Information; (ii) informed that this Court has enjoined the use of the Confidential Information by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and (iii) informed of the terms of this Protective Order:

(a) Employees, officers, and directors of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, or in the case of an individual party, the party himself or herself;

(b) In-house counsel participating in the prosecution or defense of this action;

(c) Outside counsel for the receiving party;

(d) Supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data entry clerks, legal clerks, temporary or contract staff, and service vendors of such counsel;

(e) Experts or consultants who are employed or retained by a party in connection with the prosecution or defense of this action, and stenographic, clerical or technical personnel of such experts and consultants, provided that any report created by such expert or consultant relying on or incorporating Confidential Information, in whole

Case 1:25-cv-00581-GBW Document 22 Filed 05/15/26 Page 9 of 20 PageID #: 94

or in part, shall be designated as "Confidential" by the party responsible for its creation, and provided further, that such expert or consultant must sign an undertaking in the form attached as Exhibit A hereto;

(f) Deponents and witnesses (and counsel for the deponents and witnesses) to the extent reasonably necessary in connection with their testimony in this action or the preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Information, and provided further that such deponent or witness (and their counsel), to the extent not otherwise falling within the scope of this Paragraph 9, must sign an undertaking in the form attached as Exhibit A hereto;

(g) Persons who were the authors or recipients (including without limitation "bcc" recipients where such recipients can affirmatively be identified based on production metadata) of the Confidential Information;

(h) Any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment and its counsel;

(i) Any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, stenographers, videographers, demonstrative exhibit preparation, or the creation of any computer database from documents;

(j) Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution appointed by the Court or jointly selected by the Parties;

(k) The Court and any appellate court and their personnel; and

(l) Any other person upon order of the Court or stipulation of the named parties to the action, provided further, that such other person must sign an undertaking in the form attached as Exhibit A hereto.

10. Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals provided that such individuals are (i) informed of the confidential nature of the Confidential Attorney Eyes Only Information; (ii) informed that this Court has enjoined the use of the Confidential Attorney Eyes Only Information by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person; and (iii) informed of the terms of this Protective Order:

(a) In-house counsel participating in the prosecution or defense of this action;

(b) Outside counsel for the receiving party;

(c) Supporting personnel employed by (a) and (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, temporary or contract staff, and service vendors of such counsel;

(d) Experts or consultants who are employed or retained by a party in connection with the prosecution or defense of this action, and stenographic, clerical or technical personnel of such experts and consultants, provided that any report created by such expert or consultant relying on or incorporating Confidential Attorney Eyes Only Information, in whole or in part, shall be designated as "Confidential Attorney Eyes Only" by the party responsible for its creation, and provided further, that such expert or consultant must sign an undertaking in the form attached as Exhibit A hereto;

(e) Deponents and witnesses (and counsel for the deponents and witnesses) to the extent reasonably necessary in connection with their testimony in this action or the

preparation thereof, but a person identified solely in this subparagraph may not be permitted to retain copies of any Confidential Attorney Eyes Only Information, and provided further that such deponent or witness (and their counsel), to the extent not otherwise falling within the scope of this Paragraph 10, must sign an undertaking in the form attached as Exhibit A hereto;

(f) Persons who were the authors or recipients (including without limitation "bcc" recipients where such recipients can affirmatively be identified based on production metadata) of the Confidential Attorney Eyes Only Information;

(g) Any insurer who may be liable to satisfy all or part of a possible judgment in this action or to indemnify or reimburse for payments made to satisfy any judgment and its counsel;

(h) Any persons requested by counsel to furnish services such as photocopying, document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, stenographers, videographers, demonstrative exhibit preparation, or the creation of any computer database from documents;

(i) Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution appointed by the Court or jointly selected by the Parties;

(j) The Court and any appellate court and their personnel; and

(k) Any other person upon order of the Court or stipulation of the named parties to the action, provided further, that such other person must sign an undertaking in the form attached as Exhibit A hereto.

Case 1:25-cv-00581-GBW Document 22 Filed 05/15/26 Page 12 of 20 PageID #: 97

11. Counsel shall be responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed undertaking in the form attached as Exhibit A, which must be retained by the obtaining counsel.

12. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Protective Order.

13. Nothing in this Protective Order limits any producing party's use or disclosure of its own documents, materials, or information that has been designated as Confidential Information or Confidential Attorney Eyes Only Information under this Protective Order.

14. If additional persons become parties to this action, those parties may not have access to Protected Information produced or obtained from any producing party until the newly joined parties or their counsel endorses a copy of Exhibit A to this Protective Order, files it with the Court, and delivers it to all parties.

**Non-Party Information.**

15. The existence of this Protective Order shall be disclosed to any person producing documents, tangible things or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

16. Filing pleadings or other papers disclosing, containing, reflecting, based on, or derived from Protected Information does not waive the designated status of the material. The Court will determine how Protected Information will be treated during trial and other proceedings as it deems appropriate. In the event that any party or non-party wishes to submit

Case 1:25-cv-00581-GBW Document 22 Filed 05/15/26 Page 13 of 20 PageID #: 98

Protected Information to the Court, such party shall follow the procedures prescribed by the Court for filing documents under seal pursuant to Local Rule 5.1.3.

17. To the extent any Discovery Material is produced pursuant to Paragraph 8 of the Stipulation and Order Staying Case (D.I. 18) (the "Stay Stipulation and Order"), such Discovery Material shall only be used for the purposes described in Paragraph 2 of this Protective Order and any filing, including any amended complaint, using, reflecting or in any way based in whole or in part on any such Discovery Material shall only be made following the final resolution of all motions to dismiss the operative complaint(s) (including any amended complaints) in the action captioned *Karas* v. *Newmont Corporation et al.*, 1:25-cv-00341-DDD-KAS (D. Colo.). Without limiting the foregoing, if any Discovery Material is produced pursuant to Paragraph 8 of the Stay Stipulation and Order, and Plaintiff thereafter files an amended complaint in the above-captioned action during the pendency of the stay of the above-captioned action, pursuant to Paragraph 7 of the Stay Order, the first such amended complaint filed during the pendency of the stay shall not count against Plaintiff's one amendment as of right pursuant to Federal Rule of Civil Procedure 15(a)(1) to the extent otherwise available. Discovery Material produced pursuant to Paragraph 8 of the Stay Stipulation and Order shall be deemed incorporated by reference into any amended complaint or any other pleading filed by the receiving party, including for the avoidance of doubt, if, upon the lifting of the stay, any amended complaint filed during the pendency of the stay is the operative complaint in the above-captioned action.

**No Prejudice.**

18. Producing or receiving Confidential Information or Confidential Attorneys Eyes Only Information, or otherwise complying with the terms of this Protective Order, shall not (a) operate as an admission by any party that any particular Protected Information contains or

reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the Court that particular materials be produced; (d) prejudice the rights of a party to apply to the Court for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

**Privileges, Protections, and Immunities.**

19. Nothing in this Protective Order shall require disclosure of information protected by the attorney-client privilege, work product protection, or other applicable privilege, protection, or immunity, and the production of such information shall not operate as a waiver. The parties are concurrently filing a Stipulation and Order implementing Federal Rule of Evidence 502(d). The terms of such Stipulation and Order shall apply *mutatis mutandis* to any other privilege, protection, or immunity not specified in Paragraph 1 of that Stipulation and Order, including, for the avoidance of doubt, the terms of Paragraph 8 thereof.

**Amendments and Modifications.**

20. This Protective Order may be amended or modified only by written agreement of the parties hereto or by an order of the Court.

**Conclusion of Litigation.**

21. After the termination of this action (including all appeals relating to the action having been exhausted or the time to appeal having expired), this Protective Order will continue to be binding upon the parties hereto, and upon all persons to whom Protected Information has

been disclosed and communicated, and this Court will retain jurisdiction over the parties for enforcement of its provisions.

22. Within sixty (60) calendar days after final judgment in this action or dismissal pursuant to a settlement agreement, if no appeal is taken, or if an appeal is taken, within sixty (60) calendar days after final disposition of the appeal, each party or other person subject to the terms of this Protective Order shall use commercially reasonable efforts to destroy or return to the producing party all materials and documents containing Protected Information, and to certify to the producing party such destruction or return. The commercially reasonable efforts shall not require the return or destruction of materials and documents containing Protected Information that is (i) stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) located in the email archive system of archived electronic files of departed employees; or (iii) subject to legal hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of materials and documents containing Protected Information. Materials and documents containing Protective Information on backup storage media must continue to be treated in accordance with this Protective Order. Outside counsel for any party shall be entitled to retain all court papers, trial transcripts and transcripts of other court proceedings, exhibits, correspondence including emails, deposition transcripts videos and exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

23. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Protective Order

that may be subject to a motion to disclose another party's information designated as Protected Information pursuant to this Protective Order, shall promptly, and in all cases within twenty-four (24) hours of the time such party becomes subject to such motion to disclose, notify that party of the motion so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

24. If, at any time, any receiving party is served with a subpoena or other request calling for Discovery Material with which it has an obligation to comply by any court, administrative or legislative body, or other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed, to the extent permitted by law, must promptly, and in call cases within forty-eight (48) hours of the receipt of such request, give written notice to the producing party and include with the notice a copy of the subpoena or request. The person to whom the subpoena or request is directed must also make reasonable, good-faith efforts to provide the producing party a reasonable period of time in which to seek to quash or object to the subpoena or request, or to move for any protection for the Discovery Material, before the person to whom the subpoena or request is directed takes any action to comply with the subpoena or request. In no event may Discovery Material subject to this Protective Order be produced by a person receiving a subpoena or request without providing the producing party a reasonable opportunity to quash or object, absent a court order to do so. In the event that a protective order or other remedy is not obtained, the receiving party shall disclose only such Discovery Materials as they are legally required to disclose and shall exercise best efforts to obtain assurances that confidential treatment will be accorded to any Discovery Material that is required to be disclosed. No compulsory disclosure to third parties of

Discovery Material shall be deemed a waiver of any claim of confidentiality, except as expressly found by a court or judicial authority of competent jurisdiction.

**Unauthorized Disclosure of Protected Information.**

25. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the receiving party must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the undertaking in the form attached as Exhibit A hereto.

**Remedies.**

26. All remedies available to any person(s) injured by a violation of this Protective Order are fully reserved.

27. Any party may petition the Court for good cause shown, in the event such party desires relief from a term or condition of this Protective Order.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: May 15, 2026

Cooch and Taylor, P.A.

/s/ Blake A. Bennett
Blake A. Bennett (#5133)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
(302) 984-3800
bbennett@coochtaylor.com

Of Counsel:

Morris Kandinov LLP

Leonid Kandinov
Andrew Robertson
550 West B Street, 4th Floor
San Diego, CA 92101
(877) 216-1552
leo@moka.law
andrew@moka.law

*Attorneys for Plaintiff*

Richards, Layton & Finger, P.A.

/s/ Sara M. Metzler
Steven J. Fineman (#4025)
Sara M. Metzler (#6509)
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
fineman@rlf.com

Of Counsel:

Wachtell, Lipton, Rosen & Katz

Jonathan M. Moses
Carrie M. Reilly
Lorenzo A. H. Villegas
51 West 52nd Street
New York, NY 10019
(212) 403-1000
JMMoses@WLRK.com
CMReilly@WLRK.com
LVillegas@WLRK.com

*Attorneys for Defendants*

SO ORDERED this 18th day of May, 2026.

[signature]
The Honorable Gregory B. Williams
UNITED STATES DISTRICT JUDGE

Case 1:25-cv-00581-GBW Document 22 Filed 05/15/26 Page 19 of 20 PageID #: 104

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GEORGE WILLIS, as Trustee for the George and Kathleen Willis Trust, Derivatively on Behalf of Newmont Corporation,<br><br>*Plaintiff,*<br><br>v.<br><br>THOMAS R. PALMER, KARYN F. OVELMEN, NATASCHA VILJOEN, GREGORY H. BOYCE, BRUCE R. BROOK, JANE NELSON, JULIO M. QUINTANA, RENÉ MÉDORI, MAURA J. CLARK, SUSAN N. STORY, JOSÉ MANUEL MADERO, EMMA FITZGERALD, PHILIP AIKEN, and SALLY-ANNE LAYMAN,<br><br>*Defendants,*<br><br>and<br><br>NEWMONT CORPORATION, a Delaware Corporation,<br><br>*Nominal Defendant.* | C.A. No. 1:25-cv-00581-GBW |

**UNDERTAKING REGARDING PROTECTIVE ORDER**

1. I, ___________________________________, declare that:

2. I have received a copy of the Protective Order, entered on __________________ and the Stipulation and Order Implementing Federal Rule of Evidence 502(d) (collectively, the "Orders") in the action entitled *Willis v. Palmer et al.*, Civil Action No. 1:25-cv-00581-GBW (D. Del.) (the "Action"), and I have read and understand their provisions.

3. I will comply with all of the provisions of the Orders. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Protective Order, and will not use for purposes other than for this Action any information designated "Confidential" or "Confidential Attorney Eyes Only" that I receive in this Action, except as otherwise permitted under the Protective Order.

4. For purposes of enforcing the Orders, I consent to the jurisdiction of the United States District Court for the District of Delaware.

Dated: ______________________

______________________________
Signature